Justice Scalia,
concurring in part and concurring in the judgment.
I concur in the Court’s judgment and in all of its opinion except for Part III-A, which needlessly contradicts De-Pierre’s version of legislative history. Our holding today is that the statutory term “cocaine base” refers to cocaine base, rather than, as DePierre contends, one particular type of cocaine base. This holding is in my view obvious, and the Court does not disagree. It begins its discussion of the legislative history by saying that DePierre’s position “is not supported by the statutory text,” ante, at 83; and ends the discussion by saying that “[i]n the absence of any indication in the statutory text that Congress intended only to subject crack cocaine offenses to enhanced penalties, we cannot adopt DePierre’s narrow construction,” ante, at 85.
Everything in between could and should have been omitted. Even if Dr. Byck had not lectured an undetermined number of likely somnolent Senators on “the damaging effects of cocaine smoking on people in Peru,” ante, at 84, we would still hold that the words “cocaine base” mean cocaine base. And here, as always, the needless detour into legislative history is not harmless. It conveys the mistaken impression that legislative history could modify the text of a criminal statute as clear as this. In fact, however, even a *90 hypothetical House Report expressing the Committee’s misunderstanding (or perhaps just the Committee staff’s misunderstanding, who knows?) that “cocaine base means crack cocaine” could not have changed the outcome of today’s opinion.